IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES ANTHONY MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV182 |
| | ) | |
| ROBERT C. LEWIS, HATTIE PIMPONG, | ) | |
| PAMELA J. LOCKLEAR, GAUSE | ) | |
| YALONDA, SGT. PETTIFORD, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim [Doc. #18] pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants have also filed a Motion for Protective Order [Doc. #23], and Plaintiff has filed a Motion to Rescind [Doc. #16], seeking modification of the prior Order granting Defendants' Motion to Enlarge Time to file an Answer or otherwise plead. For the reasons set out below, the Court recommends that Defendants' Motion to Dismiss be granted. In light of this Recommendation, the Motion for Protective Order will be granted and the Motion to Rescind will be denied.

I.  FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff James Anthony May is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983 (2006). Defendants are all employees of the former North Carolina Department of Correction which is now known as the Division

of Adult Correction. Defendant Robert C. Lewis was the Director of the Division of Prisons during the relevant time period. Defendant Hattie Pimpong was the Chief Disciplinary Hearing Officer. Defendant Pamela J. Locklear was the disciplinary hearing officer assigned to hear a case against Plaintiff May. Defendant Yalonda Gause was the unit manager in the prison housing Plaintiff. Finally, Defendant Sgt. Pettiford was a correctional officer in the prison.

Plaintiff brings this § 1983 suit related to a prison disciplinary proceeding in which he was cited for possession of a cell phone, resulting in punishment that included loss of "good-time" credits. Plaintiff's claim is based on his contentions that Defendants violated his right to a fair disciplinary hearing and denied him due process. Plaintiff alleges that on November 20, 2011, two correctional officers came to his cell and told him that Defendant Gause said that the nurse needed to see him. (Pl.'s Compl. [Doc. #1] at 3.) Without stating what happened immediately thereafter, Plaintiff alleges that the next day, he was served with a notice of his procedural rights. Plaintiff further states that on December 2, 2011, an administrative hearing was held before Defendant Locklear. Plaintiff claims that he requested video footage showing him being escorted from his cell on November 20. He says that Defendant Locklear showed bias by denying his request for this video footage and violated his right to a fair hearing. (Id. at 4-5.)

Plaintiff further claims that he was "framed" for the charge of possessing a cell phone. (Id. at 5.) He claims that Defendant Gause conspired with Defendant Locklear and others to have him convicted of the false charge, resulting in a violation of his due process rights. (Id.) Plaintiff alleges that in his administrative appeal, Defendant Pimpong refused to overturn his conviction in retaliation for a prior suit filed by Plaintiff against Defendant Pimpong. (Id. at 7.)

Plaintiff charges that Defendant Lewis is liable for Defendant Pimpong's alleged failure to follow the proper policies and rules in his appeal. (Id.) Plaintiff seeks punitive damages as relief and a "fair impartial decision by the courts." (Id. at 4, 10.)

Defendants contend that relief cannot be granted to Plaintiff because his civil action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). Plaintiff has responded to Defendants' motion to dismiss [Doc. #21] and asks that Defendants' motion be denied.

II.  DISCUSSION

A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In this case, Defendants contend that Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey and Edwards v. Balisok. In Heck, the Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. Heck, 512 U.S. at 487. In Edwards, the Court extended the bar announced in Heck to a state prisoner seeking

damages and declaratory relief when challenging the validity of the procedures used to deprive him of good-time credits. The Edwards plaintiff complained of the exclusion of exculpatory evidence during his disciplinary hearing as well as deceit and bias on the part of the hearing officer. 520 U.S. at 646-47.

Plaintiff's claims in this action fall squarely within the holding of Edwards. Plaintiff seeks monetary damages, as did the Edwards plaintiff. Plaintiff complains that Defendants acted much the same as the defendants in Edwards, with bias and by conducting an unfair disciplinary hearing in violation of his due process rights. As in Edwards, Plaintiff's allegations necessarily imply the invalidity of the punishment imposed, including the loss of good-time credits. Accordingly, Defendants' Motion to Dismiss should be granted, and this action should be dismissed. See Edwards, 520 U.S. at 649 (remanding the action for dismissal).

The Court notes that Plaintiff has filed a Motion to Rescind [Doc. #16], seeking to "rescind" or modify the Court's prior Order granting Defendants an extension of time to answer or otherwise plead in response to Plaintiff's Complaint. However, Plaintiff has not presented any basis to modify or rescind that Order. Therefore, Plaintiff's Motion to Rescind will be denied as moot.[1]

Finally, the Court notes that Defendants have moved for a protective order regarding discovery [Doc. #23] in this action. Given the above recommendation, this motion will be

---

[1] To the extent Plaintiff has also filed a "Declaration for Entry of Default" [Doc. #26], the Court notes that entry of default would not be appropriate given the Motion to Dismiss filed by Defendants in this case. Moreover, the Court notes that in any event, Plaintiff's Complaint, bought *in forma pauperis*, is subject to dismissal *sua sponte* for failure to state a claim for the reasons discussed above. See 28 U.S.C. § 1915A(b), § 1915(e).

granted, and Defendants will not be required to respond to discovery until after a final decision is made as to this Recommendation.

III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Defendants' Motion to Dismiss [Doc. #18] be granted, and that this action be dismissed.

IT IS ORDERED that Plaintiff's Motion to Rescind [Doc. #16] is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Motion for Protective Order [Doc. #23] is GRANTED.

This, the 26th day of March, 2013.

                                             /s/ Joi Elizabeth Peake
                                             United States Magistrate Judge